[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16959
Non-Argument Calendar

_____

Agency Nos. A095-890-991
A095-890-992

IBERSEN RAFAEL YAYA ARAUJO,
HAYDEE LUCILA PORRAS POMA,
JHONATAN JESUS YAYA PORRAS,
ERIKA YESENIA YAYA PORRAS,

Petitioners,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 19, 2009)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Ibersen Rafael Yaya-Araujo ("Yaya-Araujo"), his wife Haydee Lucilia Porras-Poma, and their two children, Jhonatan Jesus Yaya-Porras, and Erika Yesenia Yaya-Porras (collectively, the "petitioners"), all natives and citizens of Peru, through counsel, petition for review of the decision of the Board of Immigration Appeals ("BIA"), affirming the immigration judge's ("IJ") order denying their application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c).[1]

On appeal, the petitioners argue that the IJ and BIA erred in finding that Yaya-Araujo was barred from asylum relief because he actually was a persecutor. The petitioners also argue that the IJ and BIA erred in finding that they did not experience past persecution or have a well-founded fear of returning to Peru, as threats alone can establish well-founded fear.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion. Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (citations omitted). In the instant case, the BIA issued its own opinion

---

[1] Because the petitioners do not raise any issues regarding their claim for protection under the Convention Against Torture ("CAT") in their opening brief, they have abandoned any challenge to the denial of CAT relief on appeal. See Sepulveda v. U. S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

with analysis and also adopted some of the IJ's reasoning. Therefore, we review the decisions of both the IJ and the BIA.

We review the IJ's factual determinations under the substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotations and citations omitted). We must "affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284 (internal quotations omitted). We do not consider issues not raised in a party's appellate brief. Sepulveda, 401 F.3d at 1228 n.2.

An alien may obtain asylum if he is a refugee. INA § 208(b)(1)(A), U.S.C. § 1158(b)(1)(A). A refugee is a person who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular group, or political opinion. INA § 101(a)(42)(A), 8 U.S.C. § 1101(A)(42)(A). "To establish asylum [eligibility] based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006). "To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a subjectively genuine and objectively reasonable fear of persecution that is (2) on account of a protected ground." Id. (internal and

3

quotation marks omitted). A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. Sepulveda , 401 F.3d at 1231.

To establish a well-founded fear of future persecution, an alien must establish a fear that is both "subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. An alien must establish a nexus between his political opinion and the feared persecution. Sepulveda, 401 F.3d at 1231 (addressing asylum) (quotation omitted). "If an applicant is unable to meet the well-founded fear standard for asylum, [he] is generally precluded from qualifying for either asylum or withholding of deportation." Sepulveda, 401 F.3d at 1232-33 (quotation and alteration omitted).

To qualify for withholding of removal under the INA, an alien must show that if returned to his country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3); 8 U.S.C. § 1231(b)(3). If a petitioner is unable to meet the standard of proof for asylum, he is generally precluded from qualifying for withholding of removal. Al Najjar, 257 F.3d at 1292-93.

The IJ found that Yaya-Araujo's fighting of the terrorist groups Shining Path and Tupac Amaru, as a part of his job, was not the same as having a political opinion for which he would be harmed. The BIA further concluded that

4

Yaya-Araujo had failed to establish past persecution, or a well-founded fear or likelihood of future persecution, on account of a protected ground. However, in their appellate brief, the petitioners argue only that the IJ and BIA erred in finding that: (1) Yaya-Araujo was a persecutor; and (2) Yaya-Araujo did not have a well-founded fear of persecution if he returned to Peru based on past persecution. As such, the petitioners have abandoned the issue of whether they were persecuted because of their political opinion. Because the petitioners have abandoned this issue, they are not entitled to relief.[2] Accordingly, we deny the petition.

PETITION DENIED.[3]

---

[2] Alternatively, even if the issue were not abandoned, substantial evidence supports the finding of the IJ and BIA that Yaya-Araujo failed to establish past persecution or a well-founded fear of future persecution. Thus, the decision of the BIA and IJ with respect to asylum and withholding of removal are not erroneous.

[3] Petitioners' request for oral argument is denied.